NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| QIN HUANG,<br><br>                    Petitioner,<br><br>     v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>                    Respondent. | No.    19-72335<br><br>Agency No. A215-828-850<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 21, 2021**

Before:     SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

Qin Huang, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

We do not consider the materials Huang references in her opening brief that are not part of the administrative record.  *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Huang's testimony and documentary evidence as to the date of her baptism, when she began attending church, the reason she applied for a 2016 visa, and who prepared her 2018 visa application, and based on testimony that was improbable or evasive.  *See Shrestha*, 590 F.3d at 1047-48 (finding adverse credibility determination reasonable under the "totality of the circumstances", in part because "when an inconsistency is at the heart of the claim it doubtless is of great weight").  Huang's explanations do not compel a contrary conclusion.  *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).  In the absence of credible testimony, Huang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of CAT relief because Huang's claim was based on the same testimony the agency found not credible,

and Huang does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See id*. at 1157.

The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**